KLEIN, Judge.
The appellant was unsuccessful in establishing a lost or destroyed will, but argues that he was nevertheless entitled to attorney’s fees under section 733.106(2), Florida Statutes (Supp.1990). We affirm.
The decedent executed a handwritten will containing the signatures of two witnesses. She subsequently executed a typewritten will which was identical. The originals of these wills could not be produced for probate, and the appellant, a beneficiary, filed a petition for administration of a lost or destroyed will. He attached to the petition a copy of the handwritten will. When the witnesses to the handwritten will testified that they had not signed the original of that will in each other’s presence, the trial court entered a summary judgment holding that the copy of the handwritten will could not be established as a lost will.
Appellant then filed an amended petition seeking to establish the typewritten will as a lost will; however, he did not even have a copy of the typewritten will and lost on that issue as well.
Notwithstanding his lack of success in establishing a lost will, appellant sought attorney’s fees under section 733.106(2), Florida Statutes (Supp.1990), which provides:
A person nominated as personal representative of the last known will, or any proponent of the will if the person so nominated does not act within a reasonable time, if in good faith justified in offering the will in due form for probate, shall receive his costs and attorney’s fees out of the estate even though he is unsuccessful.
The trial court denied attorney’s fees, concluding that the statute was inapplicable to these facts, and the proponent appeals.
While we do not question that the appellant was “in good faith” in offering the copy of the handwritten will for probate, we conclude that because it was a copy, and not an original, it was not a “will in due form” within the meaning of the statute.
Where an original of a will has been lost or destroyed, there is a presumption that the testator destroyed the will with the intention of revoking it. In re Estate of Parker, 382 So.2d 662 (Fla.1980), and In re Washington’s Estate, 56 So.2d 545 (Fla.1952).
Among the definitions of “due” provided by Black’s Law Dictionary are “proper; regular; lawful; sufficient.” Because of the presumption that the testator had intentionally destroyed the original of her will, and the “due form” requirement of the statute, we conclude that a copy does not meet the requirements of the statute. The same rationale, of course, would apply to the appellant’s attempt to establish the typewritten will as a lost will, since he did not even have a copy of that will.
Affirmed.
DELL, C.J., and POLEN, J., concur.
NOTE: KLEIN, J., did not participate in oral argument but has reviewed the presentation made at that proceeding.